IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARY HOLOCHECK : | |
|       Plaintiff : | |
| : | |
|     v. : | 3:CV-04-2082 |
| : | (CHIEF JUDGE VANASKIE) |
| LUZERNE COUNTY HEAD START, INC., : | |
| LYNN EVANS BIGA, Individually and as : | |
| Executive Director of Luzerne County : | |
| Head Start, Inc., MARION SOD, : | |
| Individually and as Manager of the : | |
| Nanticoke and Plymouth Centers of : | |
| Luzerne County Head Start, Inc. : | |
|       Defendants : | |

## MEMORANDUM

    Plaintiff Mary Holocheck ("Holocheck") filed this age discrimination and civil rights action against Defendants Luzerne County Head Start, Inc. ("Head Start"), its Executive Director, Lynn Evans Biga, and the Manager of its Center in Nanticoke, Pennsylvania, Marion Sod.  Presently before this Court is the Defendants' partial motion to dismiss.  As explained below, the claims against Ms. Biga and Ms. Sod under the Age Discrimination in Employment Act (Count I) will be dismissed as there can be no individual liability under the federal anti-discrimination statute.  Count III, claiming substantive and procedural due process violations, will be dismissed because, as a matter of law, Plaintiff did not have a protected property interest in her employment.  The challenge to the timeliness of Plaintiff's Pennsylvania Human Relations Act

claim (Count II), however, will be rejected because Plaintiff has presented grounds for tolling the running of the period for filing an administrative charge of discrimination. Furthermore, the individual Defendants will not be dismissed as to Count II because state law provides for individual liability of supervisory personnel who intentionally discriminate against those whom they supervise.

## I. BACKGROUND

As set forth in the Complaint, the allegations of which must be accepted as true, Holocheck was employed by the Nanticoke Center of Luzerne County Head Start as a teachers aid from 1984 until 1988, and as a teacher from 1988 until 2002. On October 10, 2002, Holocheck's employment at Head Start was terminated and she was replaced by an individual who was under the age of forty (40). She was fifty-six (56) years of age at the time of her termination.

Head Start is operated by Luzerne County pursuant to the "Head Start Act," 42 U.S.C. § 9836. At the time of Holocheck's termination, Defendant Lynn Evans Biga was the executive director of Head Start and Marion Sod was the manager of the Nanticoke and Plymouth Centers of Head Start.

On July 11, 2003, more than nine months after her termination, Holocheck filed a complaint with the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). (Complaint at ¶12.) Holocheck claimed that she was

terminated as a result of her age and sought relief pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §63, and the Pennsylvania Human Relations Act ("PHRA"), 43 PA. CON. STAT. § 955.

Following exhaustion of the administrative complaint process, Plaintiff filed a Complaint against all Defendants in this Court on September 20, 2004.  Plaintiff's Complaint contains three Counts: Count I - violation fo the ADEA; Count II - violation of the PHRA; and Count III - violation of 42 U.S.C. § 1983.  Defendants filed a Motion to Dismiss (Dkt. Entry 8) on November 23, 2004, and a brief in support of their motion (Dkt. Entry 14) was filed on December 2, 2004. Plaintiff filed a brief in opposition to Defendants' Motion to Dismiss (Dkt. Entry 16) on December 16, 2004.  Defendants' Motion to Dismiss has been fully briefed and is ripe for resolution by this Court.

## II. DISCUSSION

### A. Standard for a Motion to Dismiss

In deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all of the factual allegations in the pleading and draw all reasonable inferences from those facts in the light most favorable to the claimant. <u>Unger v. Nat'l Residents Matching Program</u>, 928 F.2d 1392, 1400 (3d Cir. 1991); <u>Truhe v. Rupell</u>, 641 F. Supp. 57, 58 (M.D. Pa. 1985).  The Court, however, "need not credit [the pleading's] 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." <u>Morse v. Lower Merion</u>

Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). A Rule12(b)(6) motion will be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Brown v. Philip Morris Inc., 250 F.3d 789, 796 (3d Cir. 2001). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Maio v. Aetna, Inc., 221 F.3d 472, 482 (3d Cir. 2000). "The [pleading] will be deemed to have alleged sufficient facts if it adequately puts the defendants on notice of the essential elements of the . . . cause of action." Langford v. City of Atl. City, 235 F.3d 845, 847 (3d Cir. 2000). The Rule 12(b)(6) movant carries the burden of showing the legal insufficiency of the claims asserted. See Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980).

### B. Individual Liability Under the ADEA

Defendants Biga and Sod first assert that Holocheck's Complaint fails to state a cognizable claim under the ADEA and PHRA against them. The gist of their argument is that liability extends only to the "employer."[1]

This Court specifically addressed the issue of individual liability under the ADEA in Perepchuk v. Friendly's Ice Cream Corp., No. 97-CV-1988, 2000 WL 1372876, at *4 (M.D. Pa. March 28, 2000). In Perepchuk, this Court held:

---

[1] The ADEA defines "employer" to be "a person engaged in an industry affecting commerce who has twenty or more employees for each working day in each of the twenty or more calendar weeks in the current or preceding calendar year." 29 U.S.C. § 630(b). The term also means "(1) any agent of such person, and (2) . . . any agency or instrumentality of a State or political subdivision of a State . . . ." Id.

> Although the Third Circuit has not directly addressed the issue of individual liability under the ADEA or the ADA, it has held that employees are not individually liable under Title VII. Sheridan v. E.I. Dupont de Nemours and Co., 100 F.3d 1061, 1078 (3d Cir.1996), cert. denied, 521 U.S. 1129 (1997). Notably, Title VII defines "employer" in virtually the identical manner as the ADA and ADEA. Furthermore, courts in other circuits, as well as district courts in this circuit, have held that individual employees are not liable under either the ADA or the ADEA. See Stults v. Conoco, Inc., 76 F.3d 651, 655 (5th Cir.1996) (ADEA); Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir.1995)(ADEA, Title VII); Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 519-511 (4th Cir.), *cert. denied*, 513 U.S. 1058 (1994)(ADEA); Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir.), cert. denied, 510 U.S. 1109 (1994)(ADEA); Fullman v. Philadelphia Int'l Airport, 49 F. Supp. 2d 434, 441 (E.D. Pa.1999)(ADA); Metzgar v. Lehigh Valley Housing Authority, No. Civ. A. 98-CV-3304, 1999 WL 562756, at *3 (E.D. Pa.1999)(ADA); Brannaka v. Bergey's Inc., No. 97-6921, 1998 WL 195660, at *2 (E.D.Pa. Mar. 30, 1998)(ADA); Lantz v. Hospital of the University of Pennsylvania, Civ. A. No. 96-2671, 1996 WL 442795, at *6 (E.D.Pa. July 30, 1996)(ADEA).

Id. at 4. A survey of post-Perepchuk cases reveals that the courts in this and other circuits continue to reject the notion that individuals may be held liable under the ADEA. E.g., Cheng v. Benson, 358 F. Supp. 2d 696, 700-01 (N.D. Ill. 2005); Vuong v. J.C. Penney, No. Civ. A. 04-3940, 2005 WL 1353394, at *8 (E.D. Pa. May 31, 2005); Allen v. Egan, 303 F. Supp. 2d 71, 76 (D. Conn. 2004); Verdecchia v. Douglas A. Prozan, Inc., 274 F. Supp. 2d 712, 723 (W.D. Pa. 2003). Judge Katherine Hayden presented a cogent analysis for rejecting individual liability under the ADEA in McDowell v. Axsys Technologies Corp., No Civ. A. 03-2488, 2005 WL 1229863, at *4-7 (D. N.J. May 24, 2005). Plaintiff has not cited any countervailing authority.

5

The facts of Perepchuk and this case are substantially alike in that in both cases the plaintiff is attempting to impose individual liability under the ADEA on the manager of a business for his/her alleged unlawful termination. Accordingly, consistent with Perepchuk and the above-cited precedents, I find that Defendants Biga and Sod cannot be held individually liable under the ADEA. Therefore, Count I of Holocheck's Complaint will be dismissed as to Defendants Biga and Sod.

### C. Individual Liability Under the PHRA

Count II of Holocheck's Complaint seeks to hold Biga and Sod individually liable under the PHRA. Generally, the PHRA is applied in accordance with Title VII which, as discussed above, does not impose individual liability on the agents or employees of the employer defendant. Sheridan v. E.I. Dupont de Nemours and Co., 100 F.3d 1061, 1077-78 (3d Cir. 1996), cert. denied, 521 U.S. 1129 (1997). Like Title VII, the definition of an employer under the PHRA cannot be construed to include "employees"; indeed, "employee" is defined as a wholly separate term under the Act. See 43 PA. CONS. STAT. § 954(b) and (c). The employment discrimination provision of the PHRA declares only that "any employer" may be held liable. See 43 Pa. Cons. Stat. § 955(a). However, a different section of the PHRA contemplates individual liability. Section 955(e) forbids "any person, employer, employment agency, labor organization or employe[e], to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice . . . ." 43 PA. CONS. STAT. § 955(e). Direct

6

incidents of harassment by non-supervisory co-employees are not covered by § 955(e). See Dici v. Com. of Pa., 91 F.3d 542, 552-53 (3d Cir. 1996)  Supervisory employees, however, may be held liable under § 955(e) on the theory that only supervisors can share the discriminatory purpose and intent of the employer that is required for aiding and abetting. Bacone v. Philadelphia Housing Auth., No. 01-CV-419, 2001 WL 748177, *2 (E.D. Pa. June 27, 2001). That is, "[a]n individual supervisory employee can be held liable under an aiding and abetting/accomplice liability theory . . . for [her] own direct act of discrimination or for [her] failure to take action to prevent further discrimination by an employee under supervision." Davis v. Levy, Angstreich, Finney, Baldante, Rubenstein & Coren P.C., 20 F. Supp. 2d 885, 887 (E.D. Pa. 1998).

In the instant case, Holocheck alleges that Biga and Sod held supervisory positions. She further avers facts from which it may be inferred that each intentionally discriminated against her because of her age.  This is sufficient to state a claim for relief against the individual defendants under 43 PA. CONS. STAT. § 955(e).  See Carlton v. City of Philadelphia, No. Civ. A. 03-1620, 2004 WL 633279, at * 8 (E.D. Pa. March 30, 2004)  Accordingly, Count II of Holocheck's Complaint will not be dismissed as to Biga and Sod.

### D. Tolling of Plaintiff's PHRA Claim

To bring suit under the PHRA, a plaintiff must file an administrative complaint with the PHRC within 180 days of the alleged act of discrimination. See 43 PA. CONS. STAT. § 959(a),(h)

"If a plaintiff fails to file a timely complaint with the PHRC, then he or she is precluded from judicial remedies under the PHRA." Woodson v. Scott Paper Co., 109 F.3d 913, 925 (3d Cir. 1997); Vincent v. Fuller Co., 616 A.2d 969, 974 (Pa. 1992).  There is an exception to the 180 day filing requirement.  Section 12(e) of the PHRA provides that the 180-day period in which to file an administrative charge may be extended through equitable tolling. 43 PA. CONS. STAT. § 962(e); Brennan v. National Telephone Directory Corp., 850 F. Supp. 331, 341 (E.D. Pa. 1994).  However, "restrictions on equitable tolling . . . must be scrupulously observed." Williams v. Army and Air Force Exchange Service, 830 F.2d 27, 30 (3d Cir. 1987) (quoting School District of Allentown v. Marshall, 657 F.2d 16, 19 (3d Cir. 1981)).

There are three "principal, though not exclusive" situations in which equitable tolling may arise. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1387 (3d Cir. 1994).  These include "if (1) the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." School District of the City of Allentown v. Marshall, 657 F.2d 16, 20 (3d Cir. 1981).

In this case, the alleged discriminatory action on which Holocheck has based her Complaint occurred on October 10, 2002, when she was terminated from her position at Head Start.  In order to meet the 180-day filing requirement set forth under the PHRA, Holocheck would have had to file her Complaint of discrimination with the PHRC by April, 8 2003.

8

However, Holocheck did not file her Complaint with the PHRC until July 11, 2003, which was well beyond the 180-day statute of limitations. Therefore, in order to establish a viable claim, Holocheck must aver facts sufficient to infer her PHRC Complaint was subject to equitable tolling under section 12(e).

As Holocheck has not claimed that she was actively misled by the defendants or that she mistakenly filed her complaint in the wrong forum, she must establish that she was prevented from asserting her rights "in some extraordinary way." School District of the City of Allentown, 657 F.2d at 20. The only basis asserted in Holocheck's Complaint for her failure to timely file a complaint with the PHRC is that "Defendants failed to post Pennsylvania Human Relations Commission notices in [her] workplace . . . ." (Complaint at ¶22.)

Our Court of Appeals, in Bonham v. Dresser Industries, Inc. 569 F.2d 187, 193 (3d Cir. 1977), held:

> Failure to post the required notice will toll the running of the 180-day period, at least until such time as the aggrieved person seeks out an attorney or acquires actual knowledge of his rights under the Age Discrimination in Employment Act. See Bishop v. Jelleff Associates, Inc., 7 FEP Cas. 510 (D.D.C.1974). Cf., Hiscott v. General Electric Co., 521 F.2d 632 (6th Cir. 1975); Edwards v. Kaiser Aluminum & Chemical Sales, Inc., 515 F.2d 1195 (5th Cir. 1975); Skoglund v. Singer Co., 13 FEP Cas. 253 (D.N.H.1975); McCrickard v. Acme Visible Records, Inc., 409 F. Supp. 341 (W.D. Va.1976). Any other result would place a duty upon the employer to comply without penalty for breach, and would grant to the employee a right to be informed without redress for violation.

Though equitable tolling may be available to save a discrimination claim, "[p]laintiffs have the burden of establishing the facts necessary to justify equitable tolling." Byers v. Follmer Trucking Co., 763 F.2d 599, 600-01 (3d Cir. 1985).

Holocheck has asserted that her claim should be tolled because the defendants did not post the required notice. In light of this averment, it cannot be concluded that Plaintiff would be unable to satisfy the requirements for equitable tolling. Therefore, Head Start's claim that Count II of Holocheck's Complaint should be dismissed for failure to file her administrative charge within the required time frame will be denied.[2] See Hammer v. Cardio Medical Products, Inc., 131 Fed. Appx. 829, 831-32 (3d Cir. 2005) (district court erred in dismissing complaint for failure to timely file administrative change where complaint alleged that employer had failed to post requisite notice).

### E. Section 1983 Claim

Section 1983 does not create substantive rights, but provides a remedy for the violation of rights created by federal law. City of Oklahoma City v. Tuttle, 471 U.S. 808, 816 (1985). To maintain a cause of action under 42 U.S.C. § 1983, a plaintiff must be able to show "(1) the

---

[2] It should be noted that Holocheck has provided a copy of her sworn responses to a PHRA questionnaire, in which Holocheck stated that she was "certain that the [defendants] did not have notices posted," and that she contacted an attorney "shortly before filing the PHRC complaint." Holocheck, further explains that she was informed of her right to file a complaint regarding the alleged discriminatory employment action with the PHRC by her attorney on June 25, 2003, and she filed a complaint with the PHRC on July 11, 2003.

conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

Assuming, arguendo, that the decision to terminate Holocheck's employment with Head Start was committed by a person acting under color of state law, she must show that she was deprived of "rights, privileges, or immunities secured by the Constitution or laws of the United States." Kost, 1 F.3d at 184.  Plaintiff claims that her termination violated the substantive and procedural aspects of the Fourteenth Amendment due process clause.  She also contends that her termination violated rights extended to her by federal regulations implementing the Head Start Act.

"The first step in the analyzing a due process claim is to determine whether the 'asserted individual interest . . . [is] encompassed within the [Fourteenth [A]mendment's protection of life, liberty or property.'" Elmore v. Cleary, 399 F.3d 279, 282 (3d Cir. 2005).  Holocheck contends that Pennsylvania law accorded her a property interest in her continued employment that was protected by the due process clause.

In Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 140-42 (3d Cir. 2000), the court held that tenured public employment is not a fundamental property interest entitled to substantive due process protection. Id. at 142.  Similarly, in McCullough v. City of Atlantic City, 137 F. Supp. 2d 557, 566 (D. N.J. 2001), the court found that damages for lost pay and benefits

were also not afforded substantive due process protection. Plaintiff's claimed property interest in this case – an alleged contractual entitlement that she could be fired only if specific disciplinary procedures were followed – is similarly not protected by substantive due process.

Plaintiff claims that her continued employment was assured by the Personnel Policies and Practices Manual given to her at the start of each school year such that she was entitled to be heard before being fired. In other words, she maintains that the Manual's provisions governing discipline and termination of employment constituted terms of a binding contract that conferred a property interest in her job.

A personnel manual can create a legally-binding obligation on the part of an employer to terminate employment only for cause or to follow certain pre-termination procedures. See Bauer v. Pottsville Area Emergency Medical Services, Inc., 758 A.2d 1265, 1269 (Pa. Super. Ct. 2000). Furthermore, "[c]ourts have recognized that a 'for-cause' termination provision in an enforceable employment agreement or statute may establish a protected property interest." Demko v. Luzerne County Community College, 113 F. Supp. 2d 722, 728 (M.D. Pa. 2000). On the other hand, an at-will employee does not have a legitimate entitlement to continued employment because she serves solely at the pleasure of her employer. See Chabal v. Reagan, 841 F.2d 1216, 1224 (3d Cir.1988). Therefore, a determination that a public employee "held [her] position at the will and pleasure of the [governmental entity] necessarily establishes that [the employee] had no property interest" in the job sufficient to trigger due process

concerns. Bishop v. Wood, 426 U.S. 341, 346 n. 8 (1976) (internal quotations omitted); see also Robertson v. Fiore, 62 F.3d 596, 601 (3d Cir. 1995) (per curiam) (stating that an at-will employee "lacks a protected property interest in his position within the meaning of the Fourteenth Amendment").

As explained recently by our Court of appeals in Elmore, 399 F.3d at 282:

> As an initial matter, state law determines whether such a property interest exists. Brown v. Trench, 787 F.2d 167, 170 (3d Cir. 1986); see also Kelly v. Borough of Sayreville, N.J., 107 F.3d 1073, 1077 (3d Cir.1997) ("State law creates the property rights protected by the Fourteenth Amendment."). Here, under controlling Pennsylvania law, a "public employee takes his job subject to the possibility of summary removal by the employing authority. He is essentially an employee-at-will." Scott v. Phila. Parking Auth., 166 A.2d 278, 280 (Pa. 1960); see also Rank v. Twp. of Annville, 641 A.2d 667, 670 (Pa. Commw. Ct. 1994); Bolduc v. Bd. of Supervisors of Lower Paxton Twp., 618 A.2d 1188, 1190 (Pa. Commw. Ct. 1992). Stated otherwise, a public employee in Pennsylvania generally serves at the pleasure of her employer and thus has no legitimate entitlement to continued employment.

Holocheck's argument that the personnel manual converted her employment from at-will to tenured assumes that the local agency had the authority to do so. Holocheck's assumption is erroneous. As stated in Elmore, 349 F. 3d at 282-83:

> A local government in Pennsylvania cannot provide its employees with tenure status unless there exists express legislative authority for doing so. See Stumpp v. Stroudsburg Mun. Auth., 658 A.2d 333, 334-35 (Pa. 1995); Scott, 166 A.2d at 280; see also Perri v. Aytch, 724 F.2d 362, 364 (3d Cir. 1983); Rosenthal v. Rizzo, 555

> F.2d 390, 392 (3d Cir. 1977); Cf. Appeal of Gagliardi, 163 A.2d 418, 419 (Pa. 1960) ("A municipality is a creature of the state and possesses only such powers of government as are expressly granted to it and as are necessary to carry the same into effect."). As the Pennsylvania Supreme Court has stated, "[t]enure in public employment, in the sense of having a claim to employment which precludes dismissal on a summary basis is, where it exists, a matter of legislative grace." Stumpp, 658 A.2d at 334 (quoting Scott, 166 A.2d at 281).

In Elmore, the plaintiff, like Holocheck, argued that a "for cause" termination provision in a township "Personnel Policy handbook" converted her employment from at-will to tenured. The Third Circuit held that the personnel manual could not be given such effect because there was no specific enabling legislation from the Pennsylvania General Assembly that would have enabled the township to employ individuals "on anything other than at-will basis." Id. In Demko, this Court ruled that enabling legislation for local community colleges did not authorize abrogating the ordinary at-will employment terms. Demko, 113 F. Supp. 2d at 732-33. In Cooley v. Pennsylvania Housing Finance Agency, 830 F.2d 469, 472-73 (3d Cir. 1987), the Court held that a personnel manual could not provide the security of tenured employment where the General Assembly had expressed no intention to allow the state agency to abrogate at-will employment.

Plaintiff alleges that Luzerne County Head Start, Inc., "is a federally funded Pennsylvania

agency operated by Luzerne County . . . ." (Complaint, ¶4.)[3]  Plaintiff has not cited any state statutory authority enabling Luzerne County to provided Head Start teachers with tenured employment.  In an analogous context, it has been recognized that Pennsylvania County governments do not have the authority to confer tenured status through the issuance of personnel manuals.  See Appeal of Groff, 41 Pa. D. & C. 495, 500-01 (Lancaster 1985).  Independent research has not disclosed any basis for holding otherwise here.  Accordingly, Holocheck did not have a property interest in her employment that was safeguarded by the Fourteenth Amendment due process clause.

Holocheck also asserts that 45 C.F.R. § 1301.31 provides an independent source for the right "not to be terminated in violation of the written Personnel Policies and Practices of Luzerne County Head Start, Inc." (Complaint at ¶29.)  This regulation, inter alia, requires local Head Start agencies to "establish and implement written personnel policies for staff" that "must include" procedures for termination of employment.  Citing Sabree v. Richman, 367 F.3d 180 (3d Cir. 2004), Plaintiff asserts that this federal regulation may be "a source of § 1983 enforceable rights." (Br. in Opp. to Mot. to Dismiss at 10.)

Plaintiff's reliance upon Sabree is misplaced.  Sabree concerned the question of whether

---

[3] It bears noting that, if Defendant Luzerne County Head Start, Inc. is a state agency, as opposed to a local agency, litigation of the ADEA claim in federal court may be foreclosed by the Eleventh Amendment.  See Kimel v. Florida Bd. of Regents, 528 U.S. 62, 91 (2000).  Neither party has addressed this question, and this Court will not do so sua sponte.

a congressional enactment conferred a personal right enforceable by way of a section 1983 action. It did not address the question of whether a regulation implementing a federal statute may confer such a right.

That issue, however, was addressed in South Camden Citizens in Action v. New Jersey Dept. of Environmental Protection, 274 F.3d 771 (3d Cir. 2001). In that case, the Third Circuit held that "a federal regulation alone may not create a right enforceable through section 1983 not already found in the enforcing statute." Id. at 790 (emphasis added). This conclusion flowed from the Supreme Court's statement in Alexander v. Sandoval, 532 U.S. 275, 291 (2001), that "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, but it may not create a right that Congress has not." Thus, as explained in Three Rivers Center for Independent Living v. Housing Authority of City of Pittsburgh, 382 F.3d 412, 424 (3d Cir. 2004), "regulations give rise to a right of action [under §1983] only insofar as they construe a personal right that a statute creates."

The purpose of the Head Start Act is "to promote school readiness by enhancing the social and cognitive development of low-income children through the provision, to low-income children and their families, of health, educational, nutritional, social, and other services that are determined, based on family needs assessments, to be necessary." 42 U.S.C. § 9831. Clearly, Holocheck, as a teacher, is not a member of the class of the legislation's intended beneficiaries. Holocheck does not point to any statutory provision that confers a personal right to continued

16

employment in the Head Start Program.  Under these circumstances, the regulation in question does not confer upon her a right protected by §1983.  See Atkinson v.  Lafayette College, No. Civ. A. 01-CV-2141, 2002 WL 123449, at *10-11 (E.D. Pa. Jan. 29, 2002)(regulation prohibiting retaliation may not be enforced in a §1983 action where the legislative intent to create such a protected right is missing); see also Hodder v. Schoharie County Child Development Council, Inc., No. 95-CV-557, 1995 WL 760832, at *5 (N.D. N.Y. Nov. 14, 1995)("the Court has found no indication that Congress intended the Act or its interpretive regulations to create a private right of action for employees who are terminated from Head Start Agencies in a manner allegedly inconsistent with those rules").

In summary, neither state nor federal law clothed plaintiff's employment with a right enforceable through an action under 42 U.S.C. §1983.  Accordingly, Count III of the Complaint will be dismissed.

### III. CONCLUSION

For the reasons set forth above, Defendants' motion to dismiss will be granted in part and denied in part. Count I of Plaintiff's Complaint asserting a cause of action under the ADEA, will be dismissed as to the individually named Defendants, Biga and Sod, and Count III of Plaintiff's Complaint asserting claims under § 1983 will be dismissed in its entirety. Defendants' motion to dismiss will be denied in all other respects. An appropriate Order follows.

s/ Thomas I. Vanaskie_____
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania

DATED: August 30, 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY HOLOCHECK | : | |
|     Plaintiff | : | |
| | : | |
| v. | : | 3:CV-04-2082 |
| | : | (CHIEF JUDGE VANASKIE) |
| LUZERNE COUNTY HEAD START, INC., | : | |
| LYNN EVANS BIGA, Individually and as | : | |
| Executive Director of Luzerne County | : | |
| Head Start, Inc., MARION SOD, | : | |
| Individually and as Manager of the | : | |
| Nanticoke and Plymouth Centers of | : | |
| Luzerne County Head Start, Inc. | : | |
|     Defendants | : | |

## ORDER

**NOW, THIS 30th DAY OF AUGUST, 2005,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

    1. Defendants Motion to Dismiss (Dkt. Entry 8) is **GRANTED IN PART AND DENIED IN PART.**

        a.) Defendants Biga and Sod are dismissed from Count I of the Complaint.

        b.) Count III of Plaintiff's Complaint is **DISMISSED**.

  c.) In all other respects, Defendants' Motion to Dismiss is **DENIED**.

                <u>**s/ Thomas I. Vanaskie**</u>
                Thomas I. Vanaskie, Chief Judge
                Middle District of Pennsylvania